UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO R.A.,[1] | |
| Petitioner, | No. 1:26-cv-00138-TLN-EFB |
| v. | **ORDER** |
| ORESTES CRUZ, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Ernesto R.A.'s ("Petitioner") Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (ECF No. 4.) For the reasons set forth below, Petitioner's motion is GRANTED in part. Petitioner's request for a TRO is GRANTED and Respondents are ORDERED TO SHOW CAUSE why a preliminary injunction should not issue.

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf. The Clerk of Court is directed to update the docket to reflect this change accordingly.

1

**I.   FACTUAL BACKGROUND**[2]

The instant action arises from Petitioner's allegedly unlawful detention. (*See* ECF No. 4.) Petitioner is a citizen of Mexico who entered the United States without inspection in 2000, and he was not stopped or detained by any immigration enforcement agency. (*Id.* at 3.) Petitioner has resided in the United States for nearly 26 years and has led a productive and law-abiding life. (*Id.*)

On December 8, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") in Glendale, California, while he was working. (*Id.*) ICE did not set a bond and Petitioner requested review of his custody by an immigration judge. (*Id.*) On December 30, 2025, Petitioner's counsel appeared before the Adelanto Immigration Court for a bond hearing but it was taken off calendar as Petitioner was moved from the Adelanto Detention Center to the California City Detention Center. (*Id.*) Petitioner's counsel refiled a request for a bond hearing but did not receive a new hearing date. (*Id.*) Instead, Petitioner's counsel received a decision from the Adelanto Immigration Court, dated December 31, 2025. (*Id.*) In this decision, the immigration judge denied Petitioner's request on the basis that it lacked jurisdiction over the request for a custody redetermination under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), without ever holding a hearing on the merits of Petitioner's request and denying him an opportunity to be heard. (*Id.* at 3–4.) Petitioner continues to be detained at the California City Correctional Facility, which is approximately 119 miles from his home. (*Id.* at 4.)

Petitioner has four children, two of whom are U.S. citizens. (*Id.*) Petitioner contends he has been a dedicated father and productive member of society throughout his time in the U.S. (*Id.*) Namely, Petitioner has been employed at the same company for twenty-five years, demonstrating he is a hard-working, responsible, and dependable individual. (*Id.*) Plaintiff asserts his stability is further evidenced by the fact that he has resided in the same home for 20 years. (*Id.*) Petitioner now challenges the lawfulness of his civil detention and seeks release. (*See* ECF Nos. 1, 4.)

---

[2]   The instant factual background is taken largely verbatim from Petitioner's brief in support of his motion for TRO. (ECF No. 4.)

2

**II.     STANDARD OF LAW**

For a TRO, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a TRO even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor in order to succeed in a request for a TRO. *Id.* at 1134–35.

**III.    ANALYSIS**[3]

    A.     <u>Likelihood of Success on the Merits</u>

The Fifth Amendment Due Process Clause provides that no person shall "be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Due Process Clause applies to all 'persons' within the United States . . . whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that Clause protects." *Id.* at 690. However, "in certain special and narrow nonpunitive circumstances," nonpunitive government detention does not violate the Clause "where a special justification . . . outweighs the individual's constitutionally protected

---

[3] The Court finds Petitioner has sufficiently met the requirements for issuing a TRO without notice. *See* Fed. R. Civ. P. 65(b). Petitioner notified Respondents via email that he would be filing the motion and served copies of the documents. (*See* ECF No. 4 at 6–7.) *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025) (similarly finding requirements for TRO were met without notice); *Pinchi v. Noem*, No. 25-cv-05632-RML, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025) (same).

1  interest in avoiding physical restraint." *Id.* (cleaned up) (quoting *Kansas v. Hendricks*, 521 U.S.
2  346, 356 (1997)). "In the context of civil immigration detention, the two 'regulatory goals' of the
3  Immigration and Nationality Act ["INA"] provisions governing such detention — 'ensuring the
4  appearance of [noncitizens] at future immigration proceedings' and 'preventing danger to the
5  community' — can provide such 'special justification.'" *Valencia Zapata v. Kaiser*, 801 F. Supp.
6  3d 919, 939 (N.D. Cal. 2025) (citing *Zadvydas*, 533 U.S. at 690; *Pinchi v. Noem*, 792 F. Supp. 3d
7  1025, 1035 (N.D. Cal. 2025)). "[T]he government has no legitimate interest in detaining
8  individuals who have been determined not to be a danger to the community and whose
9  appearance at future immigration proceedings can be reasonably ensured by a lesser bond or
10  alternative conditions." *Id.* (quoting *Hernandez v. Sessions*, 872 F.3d 976, 990, 994 (2017)).

11        Here, Petitioner argues his detention has no reasonable relation to the government's
12  interest in preventing flight and danger.[4]  (ECF No. 4 at 10.)  The Court finds Petitioner's
13  arguments persuasive.  With respect to whether Petitioner is a danger to the community,
14  Petitioner states he has no criminal record in any country, and nothing in his past or present
15  actions indicate that he is a dangerous person. (*Id.* at 9.)  With respect to whether Petitioner is a
16  flight risk, Petitioner asserts he is a stable and dependable member of his community, as he has
17  lived in the United States for approximately 26 years, has been employed with the same company
18  for nearly 26 years, and has resided in the same house for 20 years.  (*Id.*)  The Court further finds
19  persuasive Petitioner's argument that there is further mitigation of flight risk because he is
20  statutorily eligible and has a viable path to immigration relief in the form of Cancellation of
21  Removal for Certain Non-Permanent Residents under INA § 240A(b).  (*Id.*); *cf. Padilla v. U.S.*
22  *Immigr. and Customs Enf't*, 704 F. Supp. 3d 1163, 1173 (W.D. Wash. 2023) (finding there is no
23  public safety concern or flight risk for plaintiffs with "bona fide asylum claims and who desire to
24  remain in the United States").  Finally, Plaintiff maintains his appearance at future immigration

---

[4]     In his analysis section on likelihood of success on the merits, Petitioner also provides a summary of *Matter of Yajure Hurtado*, as well as *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861, (C.D. Cal.) and *Rodriguez Vazquez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, (W.D. Wash.), outlining the current legal landscape. However, because Petitioner does not advance any substantive argument in this section, the Court declines to consider it.

proceedings can reasonably be ensured by his participation in the ICE Alternative to Detention Program through phone application check-ins, in-person check-ins, ankle monitor, or other alternative conditions including but not limited to bond. (*Id.*) In light of the foregoing, the Court finds — at the very minimum — Petitioner raises serious questions on the merits of his substantive due process claim.

### B.      Irreparable Harm

Petitioner has also established he will suffer irreparable harm in the absence of a TRO. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)). Finally, "unlawful detention certainly constitutes extreme or very serious damage, and that damage is not compensable in damages." *Hernandez*, 872 F.3d at 999 (internal quotations omitted). As stated above, Petitioner has stated a colorable substantive due process claim based on his current detention. The Court also finds persuasive Petitioner's arguments that, due to his detention, he is further harmed because he can no longer meaningfully contribute to his removal defense, he has been isolated from his support system, and he has been stripped of his ability to financially support himself and his family. (ECF No. 4 at 11–12.) Thus, Petitioner sufficiently establishes irreparable harm.

### C.      Balance of Equities and Public Interest

As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F. Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)). The Court finds these factors also favor Petitioner. First, the balance of equities tips decidedly in Petitioner's favor as the government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S.*

1    *Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).  Second, "it is always in the public
2    interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002.
3    Moreover, "the Ninth Circuit has recognized that the costs to the public of immigration detention
4    are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June
5    14, 2025) (internal citation omitted).  Petitioner asserts these harms are fully realized in his case
6    (ECF No. 4 at 13), and the Court agrees.  Petitioner notes that, because of his detention, he has
7    lost the ability to provide for his family, his wife has been left to care for their minor child and
8    take on all financial responsibilities, leaving her in severe distress, and his family has been
9    devastated by his detention.  (*Id.* at 13–14); *see Hernandez*, 872 F.3d at 995–96 (recognizing
10   irreparable harms imposed on those in immigration detention include "the economic burdens
11   imposed on detainees and their families" and "the collateral harms to children of detainees whose
12   parents are detained").  In sum, Petitioner establishes the balance of equities tips in his favor and
13   an injunction is in the public interest.
14        Accordingly, the Court GRANTS Petitioner's request for a TRO and orders Petitioner's
15   immediate release on the same terms as he was released prior to his detention.  *See Yang v.*
16   *Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025)
17   (status quo ante is "the last uncontested status which preceded the pending controversy.").

18   **IV.   CONCLUSION**
19        Accordingly, IT IS HEREBY ORDERED:
20   1. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (ECF
21      No. 4) is GRANTED in part. Petitioner's request for a TRO is GRANTED.  This Court
22      will rule on the request for a preliminary injunction following briefing as set forth below;
23   2. Respondents must IMMEDIATELY RELEASE Petitioner Ernesto R.A. from custody.
24      Respondents shall not impose any additional restrictions on him, unless such restrictions
25      are determined to be necessary at a future pre-deprivation/custody hearing;
26   3. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining
27      Petitioner absent compliance with constitutional protections, including seven-days' notice
28      and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show

6

      material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present;

4. Respondents are ORDERED TO SHOW CAUSE why this Court should not issue a preliminary injunction continuing this Order. Respondents shall file responsive papers by **January 22, 2026**. Petitioner may file a reply, if any, by **January 26, 2026**. **The parties shall indicate in their briefing whether they waive a hearing**. Fed. R. Civ. P. 65(b)(3). The Court will consider any stipulation and proposed order filed by the parties if they agree to a less demanding briefing schedule;

5. Petitioner is ORDERED to immediately serve this Order and all documents filed in this case to date on Respondents, including a copy via email to: usacae.ecf2241-imm@usdoj.gov. **Petitioner shall file a proof of such service by 10:00 a.m. on January 16, 2026**;

6. Respondents are hereby notified of their right to apply to the Court for modification or dissolution of the TRO on two days' notice to Petitioner. Fed. R. Civ. P. 65(b)(4);

7. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); and

8. The Clerk of Court is DIRECTED to update the docket to only list Petitioner's first name and last initials.

IT IS SO ORDERED.

Date: January 15, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE