UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO R.A.,<br><br>    Petitioner,<br><br>v.<br><br>ORESTES CRUZ, et al.,<br><br>    Respondents. | No. 1:26-cv-00138-TLN-EFB<br><br>**ORDER** |

    This matter is before the Court on Petitioner Ernesto R.A.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) On January 15, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered Respondents to show cause why a preliminary injunction ("PI") should not issue on the same terms. (ECF No. 6.)

    In response, Respondents maintain Petitioner is an "applicant for admission" who is subject to mandatory detention by U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b)(2) and *Matter of Yajure Hurtado*.[1] (ECF No. 10 at 1–2.) Respondents contend his prior release in the U.S. Department of Homeland Security's ("DHS") discretion does

---

[1] *Matter of Yajure Hurtado*, 291 I&N Dec. 216, 225 (BIA 2025) (stripping Immigration Judges of authority to consider bond requests for any person who entered the United States without admission pursuant to a DHS policy mandating detention for those persons).

1

1  not convert his presence in the United States into an "admission." (*Id.*) Respondents, however,
2  acknowledge the weight of authority is not in their favor and suggest that if the Court is inclined
3  to grant a PI, judicial economy counsels the Court should go further and enter a final judgment
4  granting the Petition for Writ of Habeas Corpus on the merits. (*Id.*) Petitioner did not file a
5  reply.
6       In his Petition for Writ of Habeas Corpus, Petitioner claims he is being unlawfully
7  subjected to mandatory detention in violation of the Immigration and Nationality Act ("INA").
8  (*See* ECF No. 1.)
9       The Court begins with the central dispute in this case: whether 8 U.S.C. § 1225(b)(2)
10 ("§ 1225(b)(2)") or 8 U.S.C. § 1226(a) ("§ 1226(a)") governs Petitioner's immigration detention.
11 The issue turns on whether Petitioner is an applicant "seeking admission." Section 1225(b)(2)
12 mandates detention during removal proceedings for applicants "seeking admission" and does not
13 provide for a bond hearing. Section 1226(a) "provides the general process for arresting and
14 detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez*
15 *Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the Government has
16 broad discretion whether to release or detain the individual. *Id.* Section 1226(a) provides several
17 layers of review for an initial custody determination and it confers "an initial bond hearing before
18 a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the
19 right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at
20 1202. Until DHS changed its policy in July, the Government consistently applied § 1226(a), not
21 § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration
22 authorities and subject to removal. *See id.* at 1196.
23      Courts nationwide, including this one, have overwhelmingly rejected Respondents'
24 arguments and found DHS's new policy unlawful. *See e.g.*, *Hortua v. Chestnut, et al.*,
25 No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025); *Barco Mercado v.*
26 *Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (estimating
27 over 350 cases ruled DHS's July policy improper across 160 different judges sitting in about 50
28 different courts nationwide); *Mirley Adriana Bautista Pico, et al. v. Kristi Noem, et al.*,

No. 25-CV-08002-JST, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025) (collecting cases); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB (HC), 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). This Court agrees with the well-reasoned and compelling decisions and finds no reason to reconsider its prior rulings.

For these reasons, the Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b)(2). Petitioner is subject to § 1226(a) and therefore he is entitled to the statutorily permitted process including a bond hearing at minimum. However, Petitioner has not been afforded a bond hearing, and Respondents maintain that Petitioner is not eligible for one. (ECF No. 10 at 2.) Thus, the Court finds Respondents have violated the INA by improperly subjecting Petitioner to mandatory detention without a hearing.

Having found that Respondents have violated Petitioner's statutory rights, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

1       IT IS SO ORDERED.

2   Date: January 27, 2026

3   _____

4   TROY L. NUNLEY
    CHIEF UNITED STATES DISTRICT JUDGE